POLLY STETSON, Administratrix, *vs.* JOHN C. WOLCOTT & another.

Interrogatories under *St.* 1852, *c.* 312, § 61, may be addressed to one of several defendants in an action of contract, and his answers thereto are admissible in evidence for the plaintiff.

Books of account kept by a party to an action, not being books of original entry, cannot be introduced by him in evidence, unless called for by the adverse party.

The defendant introduced, in proof of a payment claimed by him to have been made to the plaintiff, a book of account, kept by himself, containing original entries, but did not call the attention of the court or jury to any entry in it, although asked by the court whether he proposed to do so. The judge instructed the jury that he knew of no evidence in the case of the payment claimed; but if they could find any such payment from any evidence which was in the case, they were at liberty to do so. *Held*, that the defendant had no ground of exception.

ACTION OF CONTRACT.   Trial in the superior court before *Putnam*, J., to whose rulings the defendants alleged exceptions, which are stated in the opinion.

*J. C. Wolcott*, for the defendants.

*J. N. Dunham*, for the plaintiff.

MERRICK, J.   1. The answers of Cotton, one of the defendants, to interrogatories filed in the case pursuant to the provisions of *St.* of 1852, *c.* 312, § 61, were properly admitted in

evidence. The objection urged against their admissibility is that the questions should have been proposed to all of the defendants, and their joint answer taken. But this would lead to absurd results. Each individual is to answer for himself, and to make oath to the truth of his own statements; and neither of them can be required to testify of facts not known by him, though they may be within the knowledge of the other parties to the suit.

2. The ledger of the defendants appeared to the court, upon the examination of the parties, when it was produced, not to be a book of original entries. It was not therefore competent evidence of the fact respecting the credit to be given to the defendants for which it was offered; and, as it was not called for by them, it was properly excluded.

3. There is no ground of objection to the instructions given to the jury. The presiding judge did not perceive that there was any evidence in the case to prove the payment to the plaintiff of the sum of $850, with which the defendants claimed that they ought to be credited. When the two books which were ruled to be competent were put into the case, no entry upon or item contained in them was read or exhibited to the court or jury, although the attention of the counsel for the defendants was directed by the court to this subject. Instead of conforming to the request of the plaintiff's counsel, that the jury should be instructed that there was no evidence in the case to show such payment, they were advised that, although the court perceived no such evidence, if they found any in the testimony and proofs which had been submitted to them, it was their duty to consider and give all due weight and influence to it. This certainly was sufficiently favorable to the defendants, and can afford them no ground of exception. We may feel full confidence in this conclusion, since upon the hearing of the parties on the questions of law presented in the bill of exceptions, nothing which appeared upon the trial has been pointed out or adverted to as a fact or circumstance tending to afford such proof.

*Exceptions overruled.*